IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHNSON,

    Plaintiff,

v.

ACCURATE BACKGROUND, LLC, a California limited liability company; FIRST CORPORATE CONSULTING INC., an Illinois corporation dba UNITED RISK INTERNATIONAL and INTERNATIONAL TRACE; NEVER ENDING IDENTITY SCREENING, LLC, a Virginia limited liability company; and NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a District of Columbia corporation,

    Defendants.

No. C 18-00994 WHA

**ORDER DENYING MOTION TO DISMISS OR SEVER**

## INTRODUCTION

In this wrongful termination and consumer-reporting action, defendant former employer moves to dismiss certain claims on the ground that plaintiff previously dismissed defendant with prejudice. In the alternative, defendant employer requests it be severed from this action as a misjoined party. For the reasons set forth below, both motions are **DENIED**.

## STATEMENT

Plaintiff Christopher Johnson applied to work for defendant National Railroad Passenger Corporation, doing business as Amtrak. Amtrak offered plaintiff a job subject to a background check. Plaintiff alleges that the consumer-reporting defendants furnished Amtrak with an

erroneous criminal background report containing a purported felony conviction. Plaintiff has never been convicted of a crime. Plaintiff also alleges that when he informed Amtrak's human resources department about the inaccuracies in the report, which plaintiff claims were immediately discoverable, Amtrak still rescinded the job offer based wholly on the criminal conviction in the background report (Second Amd. Comp. ¶¶ 13–14, 16–30).

In January 2018, plaintiff filed the instant lawsuit against Amtrak and a consumer-reporting agency. Plaintiff's original complaint contained nine claims for relief, including three claims against Amtrak for both consumer-reporting violations and discrimination under California's Fair Employment and Housing Act ("FEHA"). Plaintiff sued under the theory that Amtrak denied plaintiff employment based on its bright-line policy of disqualifying applicants with criminal records, and that bright-line policy disparately impacted African American applicants (Dkt. No. 1-1 ¶ 39–40; Second Amd. Comp. ¶¶ 37).

The parties agree that plaintiff and Amtrak then entered into a confidential settlement agreement (Br. 2–3; Opp. 1–3, 6). In April 2018, plaintiff filed a notice of voluntary dismissal, dismissing Amtrak with prejudice (Dkt. No. 14). The notice of dismissal did not append the settlement agreement. Nor did the parties request the Court to retain ancillary jurisdiction to enforce any settlement agreement. The notice of dismissal stated in relevant part:

> [P]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) Plaintiff Christopher Johnson voluntarily dismisses only . . . Amtrak . . . . Such dismissal shall be with prejudice.

Perhaps as part of the settlement, Amtrak thereafter hired plaintiff as an electrician in one of its Oakland facilities but terminated his employment less than four months later. Amtrak claims it terminated plaintiff's employment because he violated safety policies. Plaintiff alleges he was terminated in retaliation for asserting his original claims against Amtrak and that the cited safety violations were pretextual grounds (Second Amd. Comp. ¶¶ 5–6, 37–40).

Plaintiff has amended his complaint twice. The first amended complaint added two more consumer-reporting defendants. The operative second amended complaint re-named Amtrak as a defendant. The second amended complaint contains eight claims for relief against the consumer-reporting defendants regarding the background report and asserts two claims

2

solely against Amtrak: (1) retaliatory termination under the FEHA and (2) California common law wrongful termination in violation of public policy (Dkt. Nos. 34, 41).

Amtrak now moves to dismiss plaintiff's ninth and tenth claims regarding his termination on the ground that plaintiff previously dismissed Amtrak with prejudice. In the alternative, Amtrak requests to sever itself from this action as a misjoined party. This order follows full briefing and oral argument.

**ANALYSIS**

Both parties support their arguments with matters outside the pleadings, inviting consideration of their interpretations of the settlement agreement. In the context of a motion to dismiss under Rule 12(b)(6), a district court may take judicial notice of facts "not subject to reasonable dispute" or may examine documents incorporated into the complaint by reference without converting the motion into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The settlement agreement and extra-pleading matters are neither. The parties do not request judicial notice. This order declines to judicially notice them and does not convert this motion into one for summary judgment.

Amtrak asserts, without any authority, that plaintiff's "prior dismissal of Amtrak with prejudice from this very same action in January serves as a bar to naming Amtrak anew as a defendant on unrelated claims," in this same action (Br. 1). The earlier dismissal with prejudice operates to bar any and all claims previously asserted against Amtrak, but those claims have not been re-asserted. What is now asserted against Amtrak are new claims based on events after the dismissal. Those new claims based on later events are not barred. Plaintiff could assert them in a new lawsuit and has instead asserted them in the original suit by way of amendment. If the settlement agreement contains a covenant not to sue, possibly that would bar the new claims but nothing of the sort has been shown. As for severance, we will wait until the final pretrial conference to see whether separate trials will be warranted. Meanwhile, discovery can proceed as to all parties for the sake of efficiency. This is without prejudice to an early motion for summary judgment by Amtrak.

3

**CONCLUSION**

For the foregoing reasons, Amtrak's motion to dismiss is **DENIED**. Amtrak's motion to sever its trial from the other defendants is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 29, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE